## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AHMAD BISHAWI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.  02-CV-958-MJR-PMF |
| | ) | |
| GRW CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions of defendants Evers and Lacy for summary judgment and of defendants GRW Corp., Stanberry, and Woodson to dismiss the remaining state law claims against them (Doc. No. 78).

Plaintiff is a federal prisoner.  On September 12, 2000, he was housed at the Tri-County Detention Center in Ullin, Illinois.  On that date, defendant Evers and two other correctional officers entered Pod A, plaintiff's housing assignment, to get another detainee.  Plaintiff wished to speak with Lt. Sadler and asked Evers to let Sadler know that immediately via Evers' radio.  Evers told plaintiff that he would tell Sadler in due time, and plaintiff became insistent.  Evers ordered plaintiff to return to his pod, and plaintiff responded by blocking a doorway.  Things escalated predictably, and plaintiff was taken to the floor where he was restrained prior to being placed into a holding cell.

He was transferred to another facility on September 13, 2000.

On August 19, 2002, plaintiff filed this action.  Among the defendants he named were "John

Doe #1 (Assistant Jail Administrator Lacy)" and "John Doe #2 (Sergeant Evers)."  He eventually amended his complaint on May 17, 2005, to replace the John Doe designations with Lacy and Evers (Doc. No. 54).

On June 15, 2005, Evers received a copy of the lawsuit along with a Waiver of Service of Summons form.  That form was executed on June 24, 2005.

Lacy was personally served with summons and complaint on December 6, 2006.

Defendants have moved for summary judgment on grounds that the applicable statute of limitations has been breached and that plaintiff may not be saved by the relation back feature of Rule 15(c) of the Federal Rules of Civil Procedure.

In cases brought pursuant to 28 U.S.C. § 1983, the Court must borrow the state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).  In Illinois, that is within two years of the date on which the action accrues.  735 ILCS 5/13-202.  Application of those guidelines to plaintiff's filings would, according to defendants, bar this action.

Defendants further contend that plaintiff may not seek haven in the relation back feature of Rule 15.  They argue that an amendment to a complaint naming a new defendant in place of a "John Doe" does not relate back to the date of filing the original complaint unless the plaintiff's failure to name the new defendant in the original complaint was the result of a mistake concerning the lately named defendant's identity.  *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980).

Defendants' arguments would make a lot of sense but for one important problem.  That is,

-2-

defendants **were** named in the original complaint.  They were in the parentheses following the "John Doe's."  Lacy was name particularly and in some detail.  His job assignment was provided.  Evers (Everts) was a little off the mark, but this is prisoner litigation, and the Court is bound to indulge plaintiff on such matters.  *Wynn v.  Southward*, 251 F.3d 588 (7th Cir. 2001).

It is well-established that inmates are entitled to rely on the U.S. Marshals Service to effect service of process and that the prisoner need furnish the Marshals Service with "no more than the information necessary to identify the defendant."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996).  In *Antonelli*, a prisoner's claims against "Officer Peterson" and "Officer Hernandez" were dismissed for failing to achieve service of process within the 120 days required by Federal Rule 4(m).  The appellate court reversed and remanded for a more detailed inquiry into the marshals' efforts to locate the defendants based on the information provided.  It was uncertain what efforts had been undertaken to use the clues at hand or what more would have been necessary to complete the service.

It is similarly uncertain here what efforts were made or not made to serve Lacy and/or Evers based on the information in the original complaint.  Judge Reagan ordered the Marshals on December 22, 2003, to effect service on "John Doe #1 (Lacy)" and "John Doe #2 (Everts)."

Had the "John Does" been that without more, then defendants' arguments may have merit. Because more information was provided and because the marshals are bound to pursue that information and the Court is bound to make inquiry into those pursuits in aid of service, then liberal

treatment of plaintiff's case at this point requires rejection of the limitations argument.  Evers and Lacy have been served, and we should move on.

The jurisdictional arguments of the remaining defendants were premised upon the Court's acceptance of the limitations arguments.  Obviously, if the Court accepts this Report and Recommendation, then supplemental jurisdiction exists, and the motions to dismiss should be denied.

The Motions for Summary Judgment by defendants Lacy and Evers should be DENIED, and the Motions to Dismiss by defendants GRW Corporation, Stanberry, and Woodson should be DENIED.

SUBMITTED:  August 16, 2006.


*s/Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE